[No. 6951. Decided February 24, 1908.]

ALEXANDER McCLELLAN, *Appellant*, v. JOHN GERRICK *et al.*, *Respondents.*[1]

NEGLIGENCE—DANGEROUS PREMISES—ASSUMPTION OF RISK—CON-TRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. An inspector of a steel building in course of construction assumed the risks and is guilty of contributory negligence precluding any recovery from a subcontractor who gave an assurance of safety, where it appears that it was part of his duty to carefully examine every piece of material, and see that it was properly riveted, and that, relying on the contractor's statement that all pieces were riveted, he undertook to cross a high beam and was injured by reason of its not being riveted, it appearing that the defect was obvious to casual inspection, and one which it was his duty to detect, and which he testified he would have seen if he had looked.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 27, 1907, upon granting a nonsuit, in an action for personal injuries sustained by an inspector of a building in course of construction. Affirmed.

*Walter S. Fulton*, for appellant.
*Kerr & McCord*, for respondents.

MOUNT, J.—This appeal is from a judgment of nonsuit in an action for personal injuries. At the time of appellant's injuries, Herman Chapin was erecting a large building in the city of Seattle. Matthew Dow had the contract for the work. The respondents Gerrick & Gerrick were subcontractors, having to erect the steel construction work of the building, the material therefor being furnished by the owner ready to put in place. The appellant was in the employ of the owner and the principal contractor. His duties were to inspect the work of Gerrick & Gerrick, to see that all of the material was properly placed and securely riveted and the structure plumb, and that the work when completed was in accordance with the

[1]Reported in 93 Pac. 1087.

plans and specifications.   On August 14, 1906, appellant
noticed that the gang of riveters employed by Gerrick & Ger-
rick had been sent away, and on inquiry was informed by John
Gerrick, one of the respondents, that the reason therefor was
that all of the steel work was in place, and that the riveting
was all finished excepting a portion under the derrick, and
that the work was in condition to be inspected.   Two days
later the appellant went upon the building for the purpose
of making an inspection.   When going from one part to an-
other he attempted to walk across an "I" beam, six inches
deep, about three and one-half inches wide on top and about
twelve feet long.   This beam was not riveted.   A temporary
bolt was in one end and the other end lay loose upon a lug.   It
was not fastened either by bolt or rivet.   When appellant
walked to about the center of the beam, it dropped down at
the unfastened end and let the appellant fall a distance of
about thirty-five feet.   He was severely injured.   The re-
spondents Gerrick & Gerrick knew of the condition of this
beam, but did not inform the appellant thereof.   The appel-
lant's evidence shows, that it was the duty of respondents
Gerrick & Gerrick, immediately after the work was riveted, to
paint the steel work, and this beam was not painted; that ap-
pellant's first duty upon inspection was to plumb the work,
and to do this it was necessary for him to cross over from one
part of the structure to another on these "I" beams; that he
relied upon the statement of respondents that the work was
completed, and did not notice the condition of this particular
beam before he went upon it.   Upon substantially these facts,
the trial court granted the defendants' motion for a nonsuit.
The action was thereupon dismissed.   Matthew Dow and
Herman Chapin, who were originally made parties defendant,
were dismissed upon motion of the plaintiff before the trial
began.

It is contended by the respondents that the appellant was
not in their employ, and that therefore they owed him no duty.

We shall not pass upon this question, because we are clearly of the opinion that the appellant assumed the risk, and was also guilty of contributory negligence even though respondents Gerrick & Gerrick had employed him. The appellant himself testified, that he was employed as an inspector of the building; that it was his duty to carefully and critically examine every part of the work, and to see that every piece of material was in place and properly riveted; that this was his sole duty, and that he was constantly on the building for that purpose. It was, therefore, his duty to discover this defect which caused his injury. He was employed and was there for that purpose. The defect was not a hidden one. It was obvious and apparent to a casual inspection. Upon this subject he testified:

"The heads of the rivets were one inch wide. . . . If I had stopped and looked down I could have seen whether there were any rivets or not. . . . I was looking for rivets. . . . If I had looked I would have seen the work was not complete and would then have examined it carefully."

This conclusively shows that, if the appellant had used ordinary diligence, he would have avoided the injury. He seeks to excuse his neglect by saying, that he was required to plumb the work before he examined for defects in riveting; that he had been notified that the work was completed except a certain specified portion. Assuming these facts to be true, they do not excuse the carelessness of appellant, because ordinary prudence dictates that, before a man should attempt to walk across a beam three and one-half inches wide—no wider than his shoe sole—twelve feet long, and which was thirty-five feet from the ground, he should at least look and see that the beam is fastened in place. He could have seen the beam was insecure by simply looking. This he failed to do. His failure to use his senses was, therefore, the proximate cause of his injury. When, in addition to this, it is conceded that he was employed to inspect and discover defects of this kind, it is plainly evident that respondents are not liable.

Feb. 1908]           Opinion Per Mount, J.

The trial court therefore properly granted the motion, and the judgment must be affirmed.

Hadley, C. J., Crow, Fullerton, and Root, JJ., concur.